**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JEFFREY DONTIGNEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil No. 3:04cv2171 (JBA)** |
| | : | |
| **PARAMOUNT PICTURES CORP. et al.,** | : | |
| **Defendants.** | : | |

**RULING ON PENDING MOTIONS**

Pro se plaintiff Jeffrey Dontigney brings this lawsuit against defendants Paramount Pictures Corp. and CBS Broadcasting (incorrectly named as CBS Video Design Broadcasting) relating to a 1970 film entitled "A Man Called Horse." Plaintiff has filed motions seeking a temporary restraining order and preliminary injunction [Doc. # 20], summary judgment [Doc. # 23], and appointment of counsel [Doc. # 27]. Defendants have moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted [Doc. # 19]. For the reasons that follow, defendants' motion is granted and plaintiff's motions are denied.

## I. FACTS AND CLAIMS ALLEGED

Plaintiff Dontingney, who also calls himself "Stepstrong Shadow," is incarcerated at Enfield Correctional Institution. He characterizes himself as a "Native Indigenous American Mohegan Indian Red Skin of Connecticut..." Pl. Mem. in Opp. to Def. Mot. to Dismiss [Doc. # 21] at 7. He alleges that defendants have

harmed him by releasing "A Man Called Horse," which was "false" and "non-authentic," Complaint Count 1, ¶ 3, and wrongly portrayed Native Americans as "savages." Id. ¶ 4. He alleges that defendants were trying "to convince the public through there [sic] actions - words - advertisements that [plaintiff] and indigenous native people are in fact savages as described in their words or there [sic] production package." Id. The complaint further alleges that "as a result of the def[endants'] actions pl[aintiff] was severely prejudiced and bias [sic] against and made fools and clowns of. In other words the def[endants] made perfect ass holes out of indigenous native life and me the pro se Shadow pl[aintiff] on production and film. No man likes to be called names." Id. ¶ 20. Plaintiff appears to claim damages of $165 million. See "Required Relief Equal Rights," attached to Complaint.

Reading his complaint and Memorandum in Opposition broadly, it appears that plaintiff alleges claims under 42 U.S.C. § 1983, the equal protection clause of the Fourteenth Amendment, the Eighth Amendment, the free speech and free association clauses of the First Amendment, the occupational safety and health laws, the consumer protection laws, as well as the common law of defamation.

**II. STANDARD**

In ruling on a motion to dismiss under Fed. R. Civ. P.

12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). To survive the motion, the plaintiff must set forth "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), quoting Fed. R. Civ. P. 8(a)(2), see also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46 (footnote omitted), see also Jahgory v. NY State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. DISCUSSION

### A. Section 1983 and Constitutional Claims

Defendants correctly argue that plaintiff's § 1983 claim, through which he seeks vindication of a variety of constitutional

rights, is barred by the applicable statute of limitations. The time limitations for § 1983 claims are governed by the state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law ..."); Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 392 (2004) (holding that new uniform four-year statute of limitations in 42 U.S.C. § 1658 only applies to lawsuits made possible by post-1990 enactments). In Connecticut, the limitations period for filing an action under 42 U.S.C. § 1983 is three years. Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that Connecticut's three-year limitations period for tort suits, set forth in Conn. Gen. Stat. § 52-577, is the appropriate limitations period for civil rights actions under § 1983).

"A Man Called Horse" was released in April 1970. See "Review: Richard Harris in 'Man Called Horse,'" N.Y. Times, April 30, 1970. Therefore the three-year statute of limitations expired long before plaintiff filed this case in 2004. Any claims arising under § 1983 and constitutional provisions are barred by the statute of limitations and must be dismissed.

**B. Consumer Protection**

Plaintiff appears to allege that defendants have engaged in

deceptive advertising because they marketed "A Man Called Horse" as a realistic depiction of Native Americans, and then portrayed the Native American characters in the film as "savages," which is false. He alleges that defendants have committed "violations of consumer protection of human rights + dignity" through the film. Complaint ¶ 9. The Court will construe this claim as alleging a cause of action under applicable consumer protection statutes including the Connecticut Unfair Trade Practices Act (CUTPA) and the Lanham Act.

CUTPA makes it unlawful to engage in "deceptive acts or practices in the conduct of any trade or commerce," which includes "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value ...." Conn. Gen. Stat. § 42-110a-b. The statute of limitations for a CUTPA claim is three years. Id. § 42-110g(f); see also Willow Springs Condominium Ass'n, Inc. v. Seventh BRT Dev. Corp., 245 Conn. 1, 46, 717 A.2d 77, 101 (Conn. 1998) ("[I]f the deceptive acts that the jury reasonably could have found form the basis of the CUTPA claim occurred more than three years prior to the commencement of the action, that claim is time barred.").

Under the federal Lanham Act, which prohibits misrepresentations in "commercial advertising or promotion"

concerning "the nature, characteristics, [or] qualities" of one's own or another's goods, 15 U.S.C. § 1125(a)(1)(B), the state statute of limitations applicable to fraud cases will govern. Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 192 (2d Cir. 1996). In Connecticut, that limitations period also is three years. Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 443-44, 551 A.2d 1220, 1224 (1988).

Therefore plaintiff's consumer protection claims are barred by the statute of limitations and must be dismissed.

**C. OSHA**

Plaintiff alleges that the defendants "have not followed the OSHA's [sic] film production requir[e]ments or any guid[e]lines for demonstrating to the public and other indigenous native people and descend[a]nts there of [sic] true ways of there [sic] heritage." Complaint Count 2, ¶ 5. It is unclear how OSHA enters plaintiff's theory of the case. Plaintiff has not cited, nor has the Court found, any "film production requir[e]ments," see Complaint ¶ 5, within the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, et seq. Therefore plaintiff's claims for false advertising and OSHA violations will be dismissed.

**D. Defamation**

Plaintiff alleges defendants "have broke[n] the laws and broke the laws of slander and defame [sic] the indigenous native heritage through the def[endants'] production and actions. And

got paid royalties to do it." Complaint ¶ 15.

The elements of a prima facie case for defamation are: (1) defendants made a defamatory statement; (2) the defamatory statement identified the plaintiff "to a reasonable third person;" (3) "the defamatory statement was published to a third person;" and (4) the plaintiff's "reputation suffered injury as a result of the defamatory statement." QSP, Inc. v. Aetna Cas. and Sur. Co., 256 Conn. 343, 356, 773 A.2d 906, 916 (Conn. 2001). "To prevail on a common-law defamation claim, a plaintiff must prove that the defendant published false statements about [him] that caused pecuniary harm." Daley v. Aetna Life and Cas. Co., 249 Conn. 766, 795, 734 A.2d 112, 129 (Conn. 1999) (emphasis supplied). "Where the alleged defamatory statements [are] not made about the ... plaintiffs, they do not satisfy the 'of and concerning' element crucial to prevailing on a common-law defamation claim." QSP, Inc., 256 Conn. at 355-56, 773 A.2d at 916.

Defendants argue that Dontigney's complaint fails to allege that any of defendants' statements were "about" or "of and concerning" him, and therefore fails to make out a cause of action for defamation.[1] The Court agrees. A plaintiff must

[1]Defendants also argue that this cause of action is barred by the statute of limitations, but this may not be true under the doctrine of "continued publication." See Restatement (Second) of Torts § 577(2). The Court need not reach this question because it holds on other grounds that plaintiff has failed to state a

"reasonably" understand under all the circumstances that an allegedly defamatory statement was intended to refer to him. Restatement (Second) of Torts § 564.

> One who publishes defamatory matter concerning a group or class of persons is subject to liability to an individual member of it if, but only if,
> (a) the group or class is so small that the matter can reasonably be understood to refer to the member, or
> (b) the circumstances of publication reasonably give rise to the conclusion that there is particular reference to the member.

Id. § 564A. As the Connecticut Superior Court held in Bowen v. Poli-New England Theatres, Inc., 12 Conn. Supp. 28 at *1 (1943), a case in which five members of the New Haven County Bar sought to enjoin exhibition of a film entitled "The Meanest Man in the World" as allegedly defamatory to the legal profession, "defamatory words or scenes used broadly in respect of a general class of persons such as doctors or lawyers, give to a member of that class no right of action where there is nothing that points, directly or by innuendo, to that individual."

Here, Dontigney has alleged no facts from which a reasonable person could infer that any statements or characterizations in "A Man Called Horse" mentioned or were "of and concerning" plaintiff himself. Nor has he alleged any circumstances from which it could be inferred that the film suggested a reference to him even if it did not name him. Nor can it be said that the group or

---

cause of action for defamation.

class of Native Americans is so small that a reasonable viewer necessarily would believe the film was directed toward Dontigney. As in Bowen, Dontigney has no right of action to recover damages for a film's portrayal of a large group where there is nothing in the film "that points, directly or by innuendo," to plaintiff. Therefore plaintiff's defamation claim must be dismissed.

**IV. CONCLUSION**

Accordingly, defendants' Motion to Dismiss [Doc. # 19] is GRANTED and the complaint is dismissed in its entirety. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. # 20], Motion for Summary Judgment [Doc. # 23], and Motion for Appointment of Counsel [Doc. # 27], are DENIED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 19th day of January, 2006.**